Willie James SMITH, aka Willie James Lee, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–91–01288–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 14, 1993.

Discretionary Review Refused April 14, 1993.

Patricia Saum, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Willie James Smith, appeals his judgment of conviction for burglary of a building with the intent to commit theft. TEX.PENAL CODE ANN. § 30.02 (Vernon 1989). The jury rejected appellant's not guilty plea and, after finding the two enhancement allegations of the indictment to be true, the court assessed punishment at fifty (50) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

At 7:24 p.m. on February 19, 1991, Officer Vergil responded to a burglary alarm. The call was to a business called Tool Mart. Upon arrival, Vergil found that the front door glass of the building was pushed inward. A piece of concrete was laying by the door. Vergil and the owner of the business, Mr. Longoria, later used a key to enter the business. The officer and a back-up officer found droplets of blood in the front part of the building and in the display and sales areas. Vergil noticed a plastic trash can containing six measuring tapes. The can was located at the front of the building and there was blood on the tapes. After making these observations, Vergil left the scene at 8:10 p.m.

At about 9:56 p.m., Vergil got an alarm from the same location. As he approached Tool Mart, Vergil saw a black male standing on the inside of the store. He was trying to get to the outside through the bottom portion of the door. He was carrying a black trash can and he was wearing a brown sweater and reddish pants. He had short hair and was clean shaven. While making these observations, Vergil was in his patrol car and was three car lengths from the intersection of Dowling and Harrisburg. While waiting for the light to change, he observed a black male. Making a left turn on Dowling Street, he approached the intersection of Capitol and Dowling. He turned off his lights. The officer observed a man coming from out of the building. The man began running from the officer. Vergil was parked approximately ten feet away from the intersection where the Tool Mart was located. After seeing the man go behind a warehouse and empty out the trash can's contents by pitching them, Officer Vergil arrested him. The officer retrieved the trash can and the measuring tapes. As he did this, he noticed that appellant's hands were bleeding. At trial, Vergil identified the individual as the same man standing a few feet from his patrol car.

■ In his first point of error, appellant contends that the trial court erred in amending the indictment without notice to appellant and without a hearing. In the present case, the State filed the motion to amend on May 14, 1991. The motion asked the court to amend the indictment to correct the spelling of Complainant's name. The correction was to change "*Reol* J. Longoria" to "*Roel* J. Longoria". The record indicates that the motion was granted on the same day it was filed. The indictment was altered to change the spelling of the complainant's name. A handwritten notation on the indictment reflects that this alteration was done on May 14, 1991. The State's motion to amend contained a certificate of service stating that a copy of the motion to amend was mailed by certified mail to appellant's attorney on May 14, 1991.

TEX.CODE CRIM.PROC.ANN. art. 28.10(a) requires that:

> After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

TEX.CODE CRIM.PROC.ANN. art. 28.10(a) (Vernon 1989).

Six months later, on November 19, 1991, appellant was arraigned outside the presence of the jury. When the State's attorney read the indictment, he emphasized that the complainant's name was spelled "R-o-e-l". At no point in the proceedings, either before, during, or after trial, did appellant make any objection to the aforementioned amendment. Appellant contends, however, that the conviction should be reversed because he did not receive notice of the State's motion to amend the indictment until *after* the motion had already been granted and the indictment amended. The statement of facts is silent on this matter, so appellant attempts to substantiate his claim upon the fact that the State's motion to amend contained a certificate of service which alleged that appellant's counsel was served by mail. Appellant suggests that this conclusively establishes that he was not present when the motion was presented to and granted by the trial court.

■ Appellant had six months from the time he received notice of the motion to amend to the time of his arraignment and trial on November 19, 1991. He could have filed an objection with the trial court complaining of his not being present when the indictment was amended. He chose not to object therefore his failure to object waives any error. TEX.R.APP.P. 52. *See Turner v. State,* 805 S.W.2d 423, 431 (Tex.Crim.App. 1991); *Ethington v. State,* 819 S.W.2d 854, 858 (Tex.Crim.App.1991). Failure to object can result in the waiver of even constitutional error. *Ransom v. State,* 789 S.W.2d 572, 584 (Tex.Crim.App.1989). We find that even if appellant was not given notice prior to the trial court's amending the indictment he had six months in which to object after he received notice. His failure to object, preserved nothing for review. Appellant's first point of error is overruled.

■ In his second point of error, appellant contends the State's closing argument was an improper plea for law enforcement. Specifically, the appellant points to the following remark made by the Prosecution:

You want to do the easy thing but I'm asking you to do the right thing, according to the law and evidence.

How many times have you been out on the streets? You know what it's like out there. There is an ongoing fear in our community. You try to lock your house, your windows, your cars. You worry about your family's safety because that's the way the things are because of the crime.

You often hear people say, "What are they doing down there at the courthouse? The whole system has gone crazy. What are they doing down there that it's gotten this way?" Well, today, folks, you are the "they," so don't be fooled by argument by the defense. They're always going to argue, "It isn't enough." They're always going to want a thousand pounds of evidence, even when we meet what is necessary. Use your common sense. Please use your power wisely.

Appellant contends that this argument was improper because it appealed to community expectations. Yet his complaint on appeal is very different from the objection made at trial. In particular, the objection made by defense counsel was:

[DEFENSE]: I object. I'm gonna object to that, about what they've proven "as necessary." The law says they must prove each and every element beyond a reasonable doubt.

[STATE]: I'd be happy to rephrase.

THE COURT: Objection sustained.

[DEFENSE]: I'd ask for a jury instruction.

THE COURT: The jury will be instructed to disregard the last comment of Counsel with respect to burden of proof.

[DEFENSE]: And I move for mistrial.

THE COURT: Motion denied.

[STATE]: In a nutshell, folks, what I'm trying to say, the Argument he's making, he's asking us to require you to be convinced beyond all doubt as opposed to beyond a reasonable doubt and using your common sense.

■ Texas law is clear that "[a]n objection stating one legal theory may not be

used to support a different legal theory on appeal." *Johnson v. State*, 803 S.W.2d 272, 292 (Tex.Crim.App.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991). However, even if appellant's complaint had been properly presented, it would be meritless. The State was making a proper plea for law enforcement. Texas courts have held that proper jury argument includes: (1) a summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) a plea for law enforcement. *Hightower v. State*, 629 S.W.2d 920, 926 (Tex.Crim.App.1981). The comments made by the State in this case was a proper plea for law enforcement. A proper plea for law enforcement includes encouraging the jury to do something about crime, and arguing that society is currently waging war against crime. *See Brown v. State*, 508 S.W.2d 91, 96 (Tex. Crim.App.1974); *Williams v. State*, 630 S.W.2d 866, 867 (Tex.App.—Houston [1st Dist.] 1982, no pet.); *Haynes v. State*, 627 S.W.2d 710, 714 (Tex.Crim.App.1982); *Holloway v. State*, 525 S.W.2d 165, 170 (Tex. Crim.App.1975). The State's argument falls within the parameters set by Texas law. Appellant's second point of error is overruled.

█ Appellant argues in his third point of error that he was denied a fair and impartial trial. Appellant claims that this was caused by the cumulative effect of the State's improper and prejudicial closing argument. He contends that the State's argument struck out at appellant over the shoulders of his defense counsel. In particular, appellant complains of the following argument made by the State:

> [STATE:] We want to talk about some of the things that [defense counsel] talked about. He's a good lawyer. His 20–something–odd years of experience or almost 20 years of experience shows. He's no novice and his job is not to come up here an[d] agree with the State. [Y]ou heard, even in the first part of the trial when I was—we were in voir dire, I talked about the fact he'd get up here and say, "Find him not guilty."

I objected then but didn't it hold true? If he would have come up here and said, "The State's proven its case, find my client guilty," I would have fallen out of my chair because his job is not to agree with the State and I submit to you if I would have had 11 nuns standing out there that saw the Defendant coming out of that place and positively identified him, he would have still come up here and told you, "That's not enough. Where were the bishops? Where were the Black priests? Where were the cameras?"

> [STATE]: Counsel's defense is "They could have brought you this, they could have brought you that." That's his job. He's in the reasonable doubt business. He's got to argue what was done, what couldn't have been done.

> [DEFENSE]: I object to the side-bar. I'm not in the reasonable doubt business, I'm in the professional business.

> THE COURT: Objection overruled. This is final argument.

It is well established that "[s]tatements by counsel will not constitute reversible error unless, in light of the record as a whole, the statements are extreme or manifestly improper, violative of a mandatory statute, or inject new facts harmful to the accused into the proceeding." *Brooks v. State*, 642 S.W.2d 791, 798 (Tex.Crim.App. 1982). In the instant case, the attorney for the State did no more than answer and respond to arguments made by appellant's counsel. *Gonzales v. State*, 831 S.W.2d 491, 493 (Tex.App.—Houston [14th Dist.] 1992, no pet.). The State was merely responding to defense argument that any hesitation in determining a verdict constitutes reasonable doubt. He urged acquittal on this basis. Because the argument made by the State was in response to defense argument, appellant's third point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.