**Alejandro RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–01–00035–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 30, 2001.

Decided Feb. 15, 2002.

Kenneth W. Smith, Houston, for appellant.

Calvin Hartmann, Dan McCrory, Asst. Dist. Attys., Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

WILLIAM J. CORNELIUS, Chief Justice.

Alejandro Rodriguez was charged by information with the offense of aggravated sexual assault of a child. Rodriguez pleaded guilty to the offense without an agreed recommendation. After a presentence investigation, the trial court assessed Rodriguez's punishment at twenty-five years' confinement. A judgment addendum provides that Rodriguez is required to register as a sex offender.[1]

The sole issue presented for review is whether Chapter 62 of the Texas Code of Criminal Procedure, which provides for sex offender registration, is facially unconstitutional on due process grounds.[2] We

---

1. TEX.CODE CRIM. PROC. ANN. art. 42.01(1)(27) (Vernon Supp.2002) provides that a judgment of conviction for an offense for which registration is required under Texas Code of Criminal Procedure, Chapter 62 shall state that the registration requirement applies to the defendant.

2. It has been held that the statute does not violate due process. *See In re M.A.H.*, 20 S.W.3d 860 (Tex.App.-Fort Worth 2000, no pet.).

dismiss this appeal for want of jurisdiction because, although we find that Rodriguez has standing to appeal, the issue is not ripe for review under the present circumstances.

■ We deal first with the question of standing to appeal. The State argues that Rodriguez waived any claim of constitutional error by failing to raise the issue in the trial court. Ordinarily, to preserve a complaint for appellate review, a party must present a timely, specific objection at trial. TEX.R.APP. P. 33.1(a); *Etheridge v. State*, 903 S.W.2d 1, 14 (Tex.Crim.App. 1994); *Little v. State*, 758 S.W.2d 551, 563 (Tex.Crim.App.1988); *Granviel v. State*, 552 S.W.2d 107, 121 (Tex.Crim.App.1976). In general, the failure to make a timely, specific objection may waive even constitutional errors. *Curry v. State*, 910 S.W.2d 490, 496 (Tex.Crim.App.1995); *Garcia v. State*, 887 S.W.2d 846, 861 (Tex.Crim.App. 1994).

■ The Court of Criminal Appeals, however, has stated that questions involving the constitutionality of a statute on which a defendant's conviction is based should be addressed by appellate courts, even when raised for the first time on appeal. *Rabb v. State*, 730 S.W.2d 751, 752 (Tex.Crim.App.1987).[3] This *Rabb* rule is properly applied where the questioned statute affects the jurisdiction of the court to render a judgment against the defendant, i.e., when the statute affects the court's personal or subject matter jurisdiction. *See Weightman v. State*, 975 S.W.2d 621 (Tex.Crim.App.1998); *McGowan v. State*, 938 S.W.2d 732, 741 (Tex.App.-Houston [14th Dist.] 1996), *aff'd.*, 975 S.W.2d 621 (Tex.Crim.App.1998). If the challenge is valid, the judgment is void

because an unconstitutional statute cannot confer authority on the court to act. *See Reyes v. State*, 753 S.W.2d 382, 383 (Tex. Crim.App.1988). Consistent with this reasoning, in *Rose v. State*, the Court of Criminal Appeals permitted a defendant to raise, for the first time on appeal, a facial challenge to the constitutionality of the statute mandating the jury charge given at trial. *Rose v. State*, 752 S.W.2d 529, 552–53 (Tex.Crim.App.1987) (op. on reh'g); *accord Casares v. State*, 768 S.W.2d 298, 299 (Tex.Crim.App.1989). The rationale was that an unconstitutional statute is void from its inception and cannot provide a basis for any right or relief. *Rose v. State*, 752 S.W.2d at 553 (citing *Jefferson v. State*, 751 S.W.2d 502 (Tex.Crim.App. 1988)). Additionally, as *Rose* demonstrates, a judgment may be "based" on a statute even if the statute affects the case in a manner other than by creating the charged crime. *See* 43A GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 42.253, at 379–80 (2d ed.2001).

Care in the analysis of constitutional challenges must be taken, however, because such challenges take different forms with different results. A facial challenge to the constitutionality of a statute on which a defendant's conviction is based contests a court's jurisdictional power to enforce the statute under any circumstances; a challenge to the statute as applied in the defendant's particular circumstances does not. *McGowan v. State*, 938 S.W.2d at 739–42. Thus, the former may be raised for the first time on appeal, while the latter is waived unless it is raised in the trial court. *Id.* at 741–42; *see also Garcia v. State*, 887 S.W.2d 846, 861 (Tex. Crim.App.1994) (holding that because a

---

**3.** *Rabb* involved challenges to the Dallas County Magistrate's Act alleging that the Act was a "special bill" in violation of TEX. CONST. art. III, § 56, and an unconstitutional delegation of legislative power.

statute providing for the jury charge was neither facially unconstitutional nor void *ab initio*, the appellant was required to object at trial in order to preserve error for purposes of appeal); *see generally* 43A GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE §§ 42.253–54, at 379–82 (2d ed.2001).

In support of its argument for waiver, the State cites *Webber v. State*, 21 S.W.3d 726 (Tex.App.-Austin 2000, pet. ref'd). *Webber* did decide this issue differently than we do today. The *Webber* court held that the appellant's facial due process challenge to the statutory provision under which she was convicted was waived because it was not raised at trial. *Webber v. State*, 21 S.W.3d at 729. However, the *Webber* court made its decision in reliance on *Aylor v. State*, which did not involve a facial constitutional challenge, but a challenge to the statute as applied to the defendant. *Aylor v. State*, 727 S.W.2d 727, 730 (Tex.App.-Austin 1987, pet. ref'd). We note that *Dean v. State*, 60 S.W.3d 217 (Tex.App.-Houston [14th Dist.] 2001, no pet. h.), also decided this issue differently than we do. The appellant in *Dean* argued that the sex offender registration requirements violate the prohibitions on cruel and unusual punishment and outlawry in the Texas Constitution. *Id.* at 225. Because the objections were not raised at trial, the court found that they were waived, relying for support on *Rhoades v. State*, 934 S.W.2d 113 (Tex.Crim.App. 1996); *Robinson v. State*, 851 S.W.2d 216, 225 (Tex.Crim.App.1991); *Ransom v. State*, 789 S.W.2d 572, 584–85 (Tex.Crim. App.1989), and *Smith v. State*, 846 S.W.2d 515, 517 (Tex.App.-Houston [14th Dist.] 1993, pet. ref'd). None of these supporting cases involved a constitutional challenge to the facial validity of a statute on which a conviction was based. They did not challenge the power of the court to render the particular judgment. They

therefore do not apply in our circumstances.

Additionally, contrary to the State's argument, our decision in *Brasfield v. State*, 30 S.W.3d 502 (Tex.App.-Texarkana 2000, no pet.), does not stand for the proposition that a defendant waives a facial challenge against the sex offender registration statute if he fails to raise the issue at trial. In *Brasfield*, the appellant raised on appeal a constitutional challenge to the statute as applied that was not properly preserved at the trial court level. *Id.* at 504–05.

Rodriguez raises a challenge to the power of the trial court to require him to register as a sex offender. He may properly raise this challenge for the first time on appeal.

Although Rodriguez states in his brief that he is making a "broad based challenge to the facial constitutionality" of the registration statute, it is arguable that Rodriguez also raised a personal challenge to the statute. However, he has waived that challenge because he did not raise it in the trial court.

 We proceed now to the issue of ripeness which the State contests. Rodriguez will not be eligible for parole until he serves at least one half of his twenty-five-year prison sentence. *See* TEX. GOV'T CODE ANN. § 508.145(d) (Vernon Supp.2002). Therefore, he will not be required to register as a sex offender until the year 2013, at the earliest. The sex offender registration statute has been amended in each legislative session since its inception. *See* TEX. CODE CRIM. PROC. ANN. art. 62.02(a) historical notes (Vernon Supp.2002). We agree with the State that because Rodriguez has not yet been required to register or suffer any penalty for failing to register, and because it is uncertain that Rodriguez will ever be subjected to the current statutory requirements, his constitutional claim is

unripe and we may not review it. *See Perez v. State*, 938 S.W.2d 761, 764 (Tex. App.-Austin 1997, pet. ref'd); *accord People v. Griffin*, 171 Misc.2d 145, 652 N.Y.S.2d 922, 926 n. 3 (N.Y.Sup.Ct.1996) (court held a defendant's challenge to the registration and notification requirements of a Sex Offender Registration Act is not ripe where the defendant has no obligation to register until the completion of the incarceration).

For the reasons stated, we dismiss the appeal for want of jurisdiction.

BEN Z. GRANT, Justice, dissenting.

I respectfully dissent from the majority's decision that this Court has no jurisdiction to address Alejandro Rodriguez's contention that the statute under which he is required to register as a sex offender is unconstitutional.

Rodriguez is bound by the terms of the judgment of the trial court to register as a sex offender.

While it is true this judicially mandated requirement will not begin until his release from prison, the finality of this judgment is not in question. It is true Rodriguez could die or the world could come to an end before this requirement must be met, but final judgments in both civil and criminal cases do not wait and should not wait until full execution of the judgment is completed before being allowed to complain. Under the doctrine of ripeness, this judgment is ripe and final for all purposes. There is a fundamental importance in achieving finality of judgment and in eliminating endless litigation. This matter can be addressed now instead of waiting to address it on a later appeal.

The writer Charles Dickens observed that the High Court of the Chancery bar in England "mistily engaged in one of the ten thousand stages of an endless·cause, tripping one another up on slippery precedents, groping knee-deep in technicalities, running their goat-hair and horse-hair warded heads against walls of ,words, and making a pretense of equity with serious faces...." [4]

May we not be accused of such useless activity. Our judiciary can directly address issues that are ripe and fully before us, or we can get our exercise by sidestepping issues, searching for delays, using procedural excuses to vault over the issues on their merits, and jumping at opportunities to avoid ruling on matters entitled to a ruling. This case is an example of such exercises in futility. I see no reason why this Court cannot address the issue raised on appeal.

4. M. FRANCES McNAMARA, 2,000 FAMOUS LEGAL QUOTATIONS 71-72 (1967).