COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

JOHN TURNER, a/k/a JOHN
EDWARD             )

TURNER,
a/k/a EDWARD SALIDO,                   )              
No.  08-01-00360-CR

                                                                              )

Appellant,                          )                     Appeal from the

                                                                              )

v.                                                                           )                 
205th District Court

                                                                              )

THE STATE OF TEXAS,                                     )            
of El Paso County, Texas

                                                                              )

Appellee.                           )               
(TC# 20000D05266)

                                                                              )

 

O
P I N I O N

 

Appellant John
Turner appeals his conviction for unlawful possession of marijuana and
tampering with physical evidence. 
Appellant plead guilty to both charges and was sentenced by the
court.  He received 2 years= confinement in the state jail,
probated for 5 years and a fine of $800 for possession of a
marijuana.  He was also sentenced
to 5 years=
confinement in prison, probated for 5 years and a fine of $800 for
tampering with physical evidence.  He now
raises two issues for review.  First, he
argues Article 37.09(d)(1) of the Texas Penal Code is
unconstitutional on its face and as applied in this case because it violates
the Texas prohibition against ex post facto and retroactive laws.  Second, he contends the trial court erred in
denying a motion to suppress evidence obtained in violation of the Federal and
State Constitutions and the Texas Penal Code. 
We affirm.








Police were
dispatched to an apartment in El Paso County after receiving a report of family
violence.  When they arrived at the
apartment complex, Appellant=s
grandmother flagged down the officers and encouraged them to enter Appellant=s apartment.  She directed them to the apartment and told
them her grandson had locked her and her husband out of the apartment, was
dealing drugs, and was inside Agetting
rid of all the evidence . . . .@  The front door to the apartment was open and
the officers heard voices in argument coming from inside.  The officers entered the apartment and saw
Appellant in the bathroom flushing marijuana down the toilet.  Appellant was handcuffed, the apartment was
searched, and the police recovered approximately 12.6 ounces of marijuana.  Appellant was arrested and later indicted for
unlawful possession of marijuana and tampering with physical evidence.

The defense filed
a motion to suppress the marijuana, arguing it had been seized in violation of
the Fourth Amendment, the Texas Constitution, and Articles 1.03 and 38.23 of
the Texas Penal Code.  A pretrial hearing
was held and the trial court denied the motion. 
The court stated on record that the police had probable cause to enter
the apartment and exigent circumstances allowed entry in the absence of a
search warrant.

With his first
issue, Appellant claims Texas Penal Code Article 37.09(d)(1)
is unconstitutional on its face and as applied. 
In particular, Appellant contends the statute violates the State
constitutional provision against ex post facto and retroactive laws.








Appellant has
failed to preserve error as to any Aas
applied@
challenge to the tampering with evidence statute under which he was
convicted.  A challenge
to the constitutionality of a statute as applied falls under the class of
rights that may be forfeited by failure to assert them.  McGowan v State, 938
S.W.2d 732, 741-42 (Tex.App.--Houston [14th Dist.]
1997, opin. on reh=g), aff=d, 975 S.W.2d 621 (Tex.Crim.App. 1998). 
As such, as applied challenges are waived on appeal unless raised initially
in the trial court.  Rodriguez
v. State, 71 S.W.3d 800, 802 (Tex.App.--Texarkana
2002, no pet.).  Here, Appellant
failed to object to the constitutionality of the statute in the court
below.  As such, Appellant has waived his
right to challenge the statute as applied in his case on appeal.  This portion of Appellant=s first issue is overruled.

Facial challenges
to the constitutionality of a statute contest a court=s
jurisdictional power to enforce the statute under any circumstances.  Rodriguez, 71 S.W.3d
at 802; McGowan, 938 S.W.2d at 741-42.  Such a challenge to a statute upon which a
defendant=s
conviction is based may therefore be raised for the first time on appeal.  Rodriguez, 71 S.W.3d at 802; McGowan,
938 S.W.2d at 741-42; see also Rose v. State, 752 S.W.2d 529,
552-53 (Tex.Crim.App. 1988)(opin. on reh=g); Rabb
v. State, 730 S.W.2d 751, 752 (Tex.Crim.App.
1987).  The underlying reasoning of this
rule is rooted in the concept that a void statute cannot convey jurisdiction
upon a court.  Reyes
v. State, 753 S.W.2d 382, 383 (Tex.Crim.App.
1988).  For this reason, Appellant=s facial challenge to Article 37.09(d)(1)  is properly
before the Court. 

Article 37.09 of
the Texas Penal Code criminalizes the act of tampering with or fabricating
physical evidence.  Tex.Pen.Code Ann. ' 37.09 (Vernon Supp. 2002).  Appellant challenges the portion of the
statute which provides:

(d)        A person commits an offense if the
person:

 

(1)        knowing that an
offense has been committed, alters, destroys, or conceals any record, document,
or thing with intent to impair its verity, legibility, or availability as
evidence in any subsequent investigation of or official proceeding related to
the offense . . . .

 








Tex.Pen.Code Ann. '
37.09(d)(1). 
Appellant argues this provision is unconstitutional because it Arenders an act criminal only
conditionally if certain facts not existing at the time of the act come into
being in the future.@  Appellant contends this constitutes an
enactment which is both retroactive and ex post facto.  However, he cites no authority for such a
conclusion.  Moreover, the terms Aretroactive@
and Aex post
facto@ have
been clearly defined otherwise by Texas and Federal law.  Appellant=s
suggested definitions are unsupported by and contrary to current law.

The Texas
Constitution prohibits both ex post facto and retroactive
laws.  Tex.Const. art. I, ' 16.[1]  The retroactive-laws provision forbids the
application of statutes or laws that disturb vested, substantive rights.  Ibarra v. State, 11
S.W.3d 189, 192 (Tex.Crim.App. 1999).  ALaws
altering procedure do not generally fall within the prohibition.@ 
Id.  Ex post facto
has been defined as a law that:  (1)
punishes as a crime an act previously committed which was innocent when done;
(2) changes the punishment and inflicts a greater punishment than the law
attached to a criminal offense when committed; or (3) deprives a person charged
with a crime of any defense available at the time the act was committed.  Ex parte
Davis, 947 S.W.2d 216, 219-20 (Tex.Crim.App.
1997).

In this case,
Appellant argues Article I, '
16 of the Texas Constitution prohibits criminalizing a physical act Aconditioned upon some action by the
executive branch of the government which may or may not occur in the future.@ 
Appellant does not provide and we have not found authority in State law
to support this argument.  Though he
urges us to adopt this definition and apply it to his case, we decline to do
so.








The Legislature
has broad authority to define crimes and prescribe penalties.  Tex.Const. art. III,
' 1; Wesbrook
v. State, 29 S.W.3d 103, 112 (Tex.Crim.App.
2000), cert. denied, 532 U.S. 944, 121 S.Ct.
1407, 149 L.Ed.2d 349 (2001); Willis v. State, 790 S.W.2d 307, 314 (Tex.Crim.App. 1990). 
When reviewing a constitutional challenge to a legislative enactment,
the appellate court should presume the statute to be valid.  Ex parte
Granviel, 561 S.W.2d 503, 511 (Tex.Crim.App. 1978); Webb v. State, 991 S.W.2d 408,
414 (Tex.App.--Houston [14th Dist.] 1999, pet. ref=d).  This is in keeping with the general
presumption that the Legislature=s
actions are reasonable and not arbitrary. 
Granviel, 561 S.W.2d
at 511; Webb, 991 S.W.2d at 414. 
The appellant bears the burden to establish a statute as
unconstitutional.  Granviel,
561 S.W.2d at 511; Webb, 991 S.W.2d at
414.  We will uphold a statute if a
reasonable construction of it will render it constitutional and carry out the
legislative intent.  Granviel,
561 S.W.2d at 511; Webb, 991 S.W.2d at 414.

Article 37.09(d)(1) does not disturb a defendant=s
substantive vested rights.  Ibarra,
11 S.W.3d at 192. 
It does not seek to punish as a crime an act previously committed which
was innocent when done.  Davis, 947 S.W.2d at 219-20. 
It does not increase the punishment for a particular crime or deprive a
criminal defendant of any defense.  Id.  In light of the foregoing, we do not find
Article 37.09(d)(1) of the Texas Penal Code to be violative of State constitutional prohibitions against
retroactive or ex post facto laws. 
Instead, we find this provision to be constitutional on its face.  Appellant=s
first issue is overruled in its entirety.[2]








With his second
issue, Appellant argues the trial court erred in denying his motion to suppress
the physical evidence of marijuana seized in his apartment.  Appellant contends the evidence was obtained
in violation of State and Federal Constitutional and statutory provisions.  In particular, Appellant claims the police
officers lacked probable cause to enter his apartment.

When a defendant=s pretrial motion to suppress evidence
is overruled, he need not subsequently object at trial to the admission of the
same evidence in order to preserve error. 
Dean v. State, 749 S.W.2d 80, 83 (Tex.Crim.App. 1988); Gearing v. State, 685 S.W.2d
326, 329 (Tex.Crim.App. 1985); Traylor v. State,
855 S.W.2d 25, 26 (Tex.App.--El Paso 1993, no pet.).  However, should the defendant affirmatively
state during trial that he has no objection to the admission of the
complained-of evidence, he waives any error in the
admission of the evidence, despite the adverse pretrial ruling.  Dean, 749 S.W.2d at
83; Gearing, 685 S.W.2d at 329; Traylor, 855 S.W.2d at 26.








In this case,
Appellant filed a pretrial motion to suppress the drug evidence seized by the
El Paso Police Department.  The
trial court held a hearing on the motion and it was ultimately denied.  However, at the time Appellant plead guilty,
the State offered into evidence the lab report indicating the substance seized
at the apartment was marijuana in the amount charged in the indictment.  The court specifically asked if the defense
objected to the exhibit and Appellant=s
counsel responded, ANo, Your
Honor.@  While clearly a ATRAP,@ such an affirmative response waives
the objection.  Sands
v. State, 64 S.W.3d 488, 491 (Tex.App.--Texarkana
2001, no pet.); Traylor, 855 S.W.2d at 26.  As such, no error is preserved for review by
this Court.  Appellant=s second issue is overruled.

The judgment of
the trial court is affirmed.  

 

 

August
29, 2002

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Article I, ' 16
provides:  ANo
bill of attainder, ex post facto law, retroactive law, or any law
impairing the obligation of contracts, shall be made.@  Tex.Const. art. I, ' 16.





[2]
We also note Appellant=s
interpretation of the statute in question is faulty.  Appellant contends that an individual can
only be charged under the statute if the evidence destroyed later becomes the
subject of an investigation or proceeding. 
This reading of the statute is in error. 
Subsection (d)(1) of the statute prohibits the
intentional destruction of evidence regardless of whether a subsequent
investigation occurs or not.  Tex.Pen.Code Ann. '
37.09(d)(1).  The emphasis is on the actor=s intent to destroy the evidence of a
crime, not whether an investigation occurs. 
See Lewis v. State, 56 S.W.3d 617, 625 (Tex.App.--Texarkana
2001, no pet.); Hollingsworth v. State, 15 S.W.3d 586, 594-95 (Tex.App.--Austin 2000, no pet.).