ACCEPTED
06-14-00241-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
3/11/2015 9:22:32 AM
DEBBIE AUTREY
CLERK

**No. 06-14-0241-CR**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
3/11/2015 9:22:32 AM
DEBBIE AUTREY
Clerk

IN THE SIXTH COURT OF APPEALS

at TEXARKANA

_____

KELLEY WAYNE LAMON,

*Appellant*

vs.

STATE OF TEXAS,

*Appellee*

_____

Appeal from the District Court of Red River County, Texas
102nd Judicial District

_____

**APPELLANT'S BRIEF**

_____

Troy Hornsby

*Miller, James, Miller & Hornsby, L.L.P.*
1725 Galleria Oaks Drive
Texarkana, Texas 75503
troy.hornsby@gmail.com
903.794.2711, f. 903.792.1276

Attorney for Appellant
Kelley Wayne Lamon

**Oral Argument Requested**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38.1(a), the following is a complete list of all parties to the trial court's judgment and the names and addresses of all trial and appellate counsel:

| **Appellant** | **Appellant's appellate counsel** |
|---|---|
| Kelley Wayne Lamon | Troy Hornsby<br>*Miller, James, Miller, & Hornsby, LLP*<br>1725 Galleria Oaks Drive<br>Texarkana, Texas 75503 |
| | **Appellant's trial counsel** |
| | Dave Turner, Jr.<br>1116 Lamar Avenue<br>Paris, Texas 75460-4682 |
| **Appellee** | **Appellee's appellate/trial counsel** |
| State of Texas | Val Varley<br>Red River County District Attorney<br>400 N. Walnut Street<br>Clarksville, Texas 75426 |

# TABLE OF CONTENTS

Identity of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Statement of Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    **Sole Issue:**    Did a juror's issue regarding men attacking women make him mentally impaired to the level that it hindered his ability to perform his duties as a juror? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        Preservation of Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        Law and Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        Harmful Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

      Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CASES:                                                                    PAGE

*Aldrick v. State,*
        104 S.W.3d 890 (Tex. Crim. App. 2003) . . . . . . . . . . . . . . . . . . . . . . . . 12

*Brooks v. State,*
        990 S.W.2d 278 (Tex. Crim. App. 1999),
        *cert. denied,* 528 U.S. 956, 120 S.Ct. 384, 145 L.Ed.2d 300 (1999) . . 13,14

*Brumit v. State,*
        206 S.W.3d 639 (Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . . . . . . . . . 12

*Carrillo v. State,*
        597 S.W.2d 769 (Tex. Crim. App. 1980) . . . . . . . . . . . . . . . . . . . . . . . . 16

*Ex Parte Hernandez,*
        906 S.W.931 (Tex. Crim. App. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Garcia v. State,*
        149 S.W.3d 135 (Tex. Crim. App. 2004) . . . . . . . . . . . . . . . . . . . . . . . . 12

*Johnson v. State,*
        967 S.W.2d 410 (Tex. Crim. App. 1998) . . . . . . . . . . . . . . . . . . . . . . . . 17

*Johnson v. State,*
        43 S.W.3d 1 (Tex. Crim. App. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*King v. State,*
        953 S.W.2d 266 (Tex. Crim. App. 1997) . . . . . . . . . . . . . . . . . . . . . . . . 16

*Landrum v. State,*
        788 S.W.2d 577 (Tex. Crim. App. 1990) . . . . . . . . . . . . . . . . . . . . . . 15-16

*Marin v. State,*
        851 S.W.2d 275 (Tex. Crim. App. 1993) . . . . . . . . . . . . . . . . . . . . . . . . 12

*Mendez v. State,*
        138 S.W.3d 334 (Tex. Crim. App. 2004) . . . . . . . . . . . . . . . . . . . . . . . . 11

*Mosley v. State,*
        983 S.W.2d 249 (Tex. Crim. App. 1998) (op. on reh'g),
        *cert. denied,* 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999) . . . 11

*Ramsey v. Dunlop,*
   146 Tex. 196, 205 S.W.2d 979 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Ransom v. State,*
   920 S.W.2d 288 (Tex. Crim. App. 1994) . . . . . . . . . . . . . . . . . . . . . . . . 17

*Rodriguez v. State,*
   71 S.W.3d 800 (Tex. App.—Texarkana 2002, no pet.) . . . . . . . . . . . . . 12

*Routier v. State,*
   112 S.W.3d 554 (Tex. Crim. App. 2003),
   *cert. denied*, 541 U.S. 1040, 124 S.Ct. 2157, 158 L.Ed.2d 728 (2004) . . . 12

*Rushing v. State,*
   50 S.W.3d 715 (Tex. App.—Waco 2001),
   *aff'd*, 85 S.W.3d 283 (Tex. Crim. App. 2002) . . . . . . . . . . . . . . . . . . . . . 13

*Schutz v. State,*
   63 S.W.3d 442 (Tex. Crim. App. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Sneed v. State,*
   209 S.W.3d 782 (Tex. App.—Texarkana 2006, pet. ref'd) . . . . . . . . . . . 16


**STATUTES/RULES:**

Tex. Code Crim. Proc. Ann. art. 35.16 (West 2006) . . . . . . . . . . . . . . . . . 13,14

Tex. Code Crim. Proc. Ann. art. 36.29 (West 2006) . . . . . . . . . . . . . . . . . 14,15

Tex. R. App. P. 33.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Tex. R. App. P. 44.2(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## STATEMENT OF THE CASE

*Nature of case:* This is an appeal from a conviction for assault (of a public servant), pursuant to Texas Penal Code section 22.01. (C.R. vol. 1 pg. 85).

*Judge/Court:* Judge Bobby Lockhart sitting in the 102nd District Court of Red River County, Texas. (C.R. vol. 1 pg. 85).

*Pleas:* Kelley Wayne Lamon (Smith) entered a plea of "not guilty" to the allegation against him. (C.R. vol. 1 pg. 85)(R.R. Vol. 6 pg. 24).

*Trial disposition:* The case was tried to a jury which found Lamon guilty of assault (of a public servant) and recommended a sentence of 12 years (C.R. vol. 1 pg. 71) which was imposed by the trial court. (C.R. vol. 1 pg. 85)

## ISSUE PRESENTED

**Sole Issue:**     Did a juror's issue regarding men attacking women make him mentally impaired to the level that it hindered his ability to perform his duties as a juror?

**STATEMENT OF ORAL ARGUMENT**

Oral argument might assist the trial court in considering whether the trial court correctly excused the sitting jury by discussing the factual basis for the trial court's decision.

## STATEMENT OF FACTS

The State alleges that Keith Wayne Lamon (Lamon) and four other jail inmates in the Red River County Jail planned an escape attempt. They approached the communications area where Phyllis Owens, a correctional officer was working as a dispatcher. (R.R. Vol. 6 pg. 28-39). Lamon put Phyllis Owens in a choke hold and she lost consciousness. (R.R. Vol. 6 pg. 28-39). However, Phyllis Owens was assisted by several jail trustees. (R.R. Vol. 6 pg. 28-39).

Lamon contends that he had no intention to escape (R.R. Vol. 6 pg. 111) because he was going to be bonded out of custody shortly. (R.R. Vol. 6 pg. 85,95). Further, Phyllis Owens was attacked by another jail inmate and Lamon attempted to assist Phyllis Owens. (R.R. Vol. 6 pg. 26, 62,101).

## SUMMARY OF THE ARGUMENT

**Sole Issue:**   Did a juror's issue regarding men attacking women make him mentally impaired to the level that it hindered his ability to perform his duties as a juror?

After the jury was seated, the trial court *sua sponte* excused a juror because the juror stated he had an issue with men attacking a woman. This ground is sufficient during voir dire. However, this was an insufficient basis to excuse the juror during the trial because the juror's bias did not rise to the level of mental impairment.

**Sole Issue:** Did a juror's issue regarding men attacking women make him mentally impaired to the level that it hindered his ability to perform his duties as a juror?

After the jury was seated, the trial court *sua sponte* excused a juror because the juror stated he had an issue with men attacking a woman. This ground is sufficient during voir dire. However, this was an insufficient basis to excuse the juror during the trial because the juror's bias did not rise to the level of mental impairment.

## Preservation of Error

To preserve a complaint for appellate review, a party must generally have presented to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. *See* Tex. R. App. P. 33.1(a); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

Here, immediately after the trial court stated it would remove the seated juror, Lamon's attorney, the Judge and the State's attorney

discussed removing the juror and proceeding to trial with only eleven jurors at some length. (R.R. Vol. VI pg. 13-19). Lamon's attorney specifically stated the following:

> MR. TURNER: I have discussed the matter with my client, Your Honor. He does not want to proceed with 11 jurors. If this gentleman had raised this issue yesterday, then we wouldn't have had enough jurors to go forward, perhaps.

(R.R. Vol. 6 pg. 13). Lamon's attorney later requested a mistrial on the same basis, which was denied by the court. (R.R. Vol. 6 pg. 16,18). Thus, this issue was preserved for appellate review. However, if the Court concludes the objection was not specific enough to the specific issue of the Court's removal of the juror, the issue is nonetheless fundamental error.

Error which is based upon an absolute right or prohibition need not be preserved. *Marin v. State,* 851 S.W.2d 275 (Tex. Crim. App.1993) (discussing three types of rights); *see also Garcia v. State*, 149 S.W.3d 135, 144 (Tex. Crim. App. 2004). Such error is often called fundamental error. *See e.g. Brumit v. State*, 206 S.W.3d 639 (Tex. Crim. App. 2006). An error is considered fundamental when it "directly and adversely affects the interest of the public generally, as that interest is declared in the statutes or Constitution of this state." *Ramsey v. Dunlop*, 146 Tex. 196, 202, 205 S.W.2d 979, 983 (1947). A denial of absolute systemic requirements does not require a timely and specific objection to raise for the first time on appeal. *See Aldrick v. State,* 104 S.W.3d 890, 895 (Tex. Crim. App. 2003); *Rodriguez v. State*, 71 S.W.3d 800, 802 (Tex. App.—Texarkana 2002, no pet.); *Rushing v.*

12

*State*, 50 S.W.3d 715, 723 (Tex. App.—Waco 2001), *aff'd*, 85 S.W.3d 283 (Tex. Crim. App. 2002).

Here, the erroneous disqualification of the juror did not result in the seating of an alternate juror. Rather, the error resulted in Lamon being tried by an eleven person jury rather than a twelve person jury. Accordingly, the error was fundamental.

## Standard of Review

The decision to excuse a juror, once the jury has been impaneled and sworn, is reviewed under an abuse-of-discretion standard. *Routier v. State*, 112 S.W.3d 554, 588 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 1040, 124 S.Ct. 2157, 158 L.Ed.2d 728 (2004); *Brooks v. State*, 990 S.W.2d 278, 286 (Tex. Crim. App. 1999), *cert. denied*, 528 U.S. 956, 120 S.Ct. 384, 145 L.Ed.2d 300 (1999).

## Law and Application

After the jury was seated, the trial court *sua sponte* excused a juror because the juror stated he had an issue with men attacking a woman. This ground is sufficient during voir dire. However, this was an insufficient basis to excuse the juror during the trial because the juror's bias did not rise to the level of mental impairment.

Texas Code of Criminal Procedure article 35.16 provides a trial court

broad discretion to excuse jury panel members for numerous reasons. *See* Tex. Code Crim. Proc. Ann. art. 35.16 (West 2006). However, such challenges must be exercised during voir dire. This provision is contained within chapter 35 of the Code of Criminal Procedure titled "Formation of the Jury." *See* Tex. Code Crim. Proc. Ann. Chapter 35 (West 2006). The provisions of that chapter address calling a panel, questioning the panel, making challenges for cause, making peremptory challenges and seating the jury. *Id*. Additionally, a trial court may excuse a juror from further service if the juror becomes disabled during trial. *See* Tex. Code Crim. Proc. Ann. art. 36.29 (West 2006). A juror is disabled within the meaning of the statute if the juror is physically or mentally impaired in some way which hinders his or her ability to perform the duty of a juror. *See Brooks v. State*, 990 S.W.2d 278, 286 (Tex. Crim. App. 1999), *cert. denied*, 528 U.S. 956, 120 S.Ct. 384, 145 L.Ed.2d 300 (1999) .

In this case, the trial court excused the juror because the juror stated he had an issue with a man who attacks a woman as follows:

> THE COURT: Okay. If you would, at this time, sir, tell me why you think you can't serve on this jury.
>
> JUROR YAROSS: I have a bad problem with any man attacking a woman for any reason, and I don't know if I could be a fair judge of that. I've had -- that's been in my family before, and I'm probably not the one to judge him.
> . . .
> MR. VARLEY: Now, based on that, do you think that you'd be able to put aside anything in your past -- or I don't know what you're --

14

JUROR YAROSS: That's what I can't tell you. I don't know until I'm in this situation.

. . .

JUROR YAROSS: What I'm concerned about is if we do find that the evidence is against him, what will I feel then.

MR. VARLEY: You're worried about the punishment phase?

JUROR YAROSS: Exactly.

. . .

MR. VARLEY: I understand that, but could you imagine any certain situation in which an assault on a public servant in which you could consider the minimum range of punishment, the two years.

JUROR YAROSS: I don't know, really, especially her being a woman, especially what's going on with public servants these days. And it just -- I've got friends who are in law enforcement, too.

(R.R. Vol. 7 pgs. 5-7).

Thus, the issue presented is whether the trial court abused its discretion by concluding that the juror's issue with a man attacking a woman made him mentally impaired to the level that it hinders his ability to perform his duties as a juror.

In *Ex Parte Hernandez* the Texas Court of Criminal Appeals concluded that bias or prejudice with regard to a Defendant did not qualify as a disability under this statute. 906 S.W.931 (Tex. Crim. App. 1995). More specifically, bias for or against any of the law applicable to the case, while an appropriate basis on which to challenge a member of the venire for cause, does not render a member of the sworn jury panel mentally impaired such that he is disabled as envisioned by article 36.29(a). *Landrum*

15

*v. State*, 788 S.W.2d 577, 579 (Tex. Crim. App. 1990)(citing *Carrillo v. State*, 597 S.W.2d 769 (Tex. Crim. App. 1980)).

Here, the juror simply stated a bias against a man who is involved in an altercation with a woman. However, the juror never provided a basis to conclude that the juror's bias rose to the level of a mental impairment. In fact the only basis for such a conclusion was the juror's statement that he didn't know if he could consider the minimum range of punishment for the offense. (R.R. Vol. 7 pgs. 5-7). This situation appears similar to that in *Sneed v. State* where this Court concluded that the bias expressed by the juror alone was insufficient to establish leqal disqualification. *Sneed v. State*, 209 S.W.3d 782 (Tex. App.—Texarkana 2006, pet. ref'd).

For this reason, the juror's issue of a man attacking a woman does not raise to the specific and identifiable fear present in *Reyes*. Accordingly, the juror's fear of retaliation did not mentally impair him to the level that it hinders his ability to perform his duties as a juror.

**Harmful Error**

An error must affect the substantial rights of the accused to be harmful. *See* Tex. R. App. P. 44.2(b). A "substantial right" is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266 (Tex. Crim. App. 1997) (citing Tex. R. App. P. 44.2(b)). Alternatively, error is harmless if the error

16

"did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). The Appellant does not bear the burden to establish such harmful error. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). Rather, it is the responsibility of the appellate court to assess harm after reviewing the record. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).

In a criminal setting, an erroneous grant of a challenge for cause is generally harmful error. *See e.g. Ransom v. State*, 920 S.W.2d 288 (Tex. Crim. App. 1994). Accordingly, Lamon likewise contends that the erroneous removal of a juror is also harmful error.

## PRAYER

WHEREFORE, premises considered, Kelley Wayne Lamon respectfully requests that this conviction be reversed and judgment rendered in his favor, that the conviction be reversed and a new trial granted, or for such other and further relief to which Appellant may be entitled.

Respectfully Submitted,

*Miller, James, Miller & Hornsby, L.L.P.*

By: _____
    Troy Hornsby
    Texas Bar Number 00790919

1725 Galleria Oaks Drive
Texarkana, Texas  75503
troy.hornsby@gmail.com
903.794.2711, f. 903.792.1276

Attorney for Appellant Kelley Wayne Lamon

## CERTIFICATE OF SERVICE

This is to certify that on March 11, 2015, a true and correct copy of the above and foregoing *Appellant's Brief* has been forwarded by U.S. mail on all counsel of record and interested party listed below:

**Appellant**
Kelly Wayne Lamon
TDC #01972384
McConnell Unit
3001 S. Emily Drive
Beeville, Texas 78102

**State's Attorney**
Val Varley
Red River County District
Attorney
400 N. Walnut Street
Clarksville, Texas 75426

**Trial Court Judge**
Hon. Bobby Lockhart
102nd District Judge
Bi-State Justice Building
100 N. Stateline Avenue
Texarkana, Texas 75501

**Defendant's Trial Attorney**
Dave Turner, Jr.
1116 Lamar Avenue
Paris, Texas 75460-4682

_____
Troy Hornsby

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4, the undersigned counsel certifies that, exclusive of the exempted portions in Texas Rule of Appellate Procedure 9.4(i)(1), this brief contains 1,914 words (less than 15,000), based upon the word count of the WordPerfect program used to prepare the document.

_____
Troy Hornsby