TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00225-CR







Dawn E. Webber, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


NO. 502958, HONORABLE DAVID F. CRAIN, JUDGE PRESIDING







 Appellant Dawn E. Webber (1) was convicted of promoting an obscene device. See
Tex. Penal Code Ann. § 43.23(c)(1) (West 1994). The jury assessed appellant's punishment at
confinement in the county jail for thirty days and a fine of $4,000.

 On appeal, appellant asserts that the evidence does not support the jury's verdict; 
that the statute under which she was convicted is unconstitutional; and that the trial court erred
in charging the jury, in admitting inadmissible evidence, and in allowing improper jury argument. 
We will affirm the judgment.

 Appellant was charged with intentionally promoting an obscene device by selling
L. Carlin a dildo. Deputy Sheriff L. Carlin, working an undercover operation, entered the Adult
Video Store, a licensed sexually oriented business. Appellant came forward and offered to help
Carlin. Carlin told appellant that she was experiencing marital problems and that she was looking
for a vibrator--something for sexual gratification. Appellant showed Carlin her four best selling
devices. Appellant placed batteries in these devices and demonstrated their varying range of speed
and flexibility. Carlin selected one of the devices for which she paid appellant thirty-six dollars
and ninety-five cents. Appellant volunteered, "I have been arrested for selling this before and I'll
go to jail for it again."

 During trial, the device Carlin purchased was referred to as a "dildo." Carlin
testified that there was no "mistaking the shape of this dildo for anything other than a male
penis," and that it was capable of stimulating the female sexual organ. She also testified that she
did not believe the dildo she purchased could be used for anything other than sexual gratification. 
Under cross-examination, Carlin conceded that the dildo could be used as a doorstop or a
paperweight, but testified that she would not use it for those purposes, and that it was not
marketed for use as a doorstop or paperweight. The dildo Carlin purchased or one of the same
model was admitted in evidence and was before the jury for its consideration.

 In her second point of error, appellant contends the evidence is insufficient because
the State failed to prove that the alleged obscene device was a device "designed or marketed as
useful primarily for the stimulation of human genital organs." The Penal Code provides: 
"'Obscene device' means a device including a dildo or artificial vagina, designed or marketed as
useful primarily for the stimulation of human genital organs." Tex. Penal Code Ann.
§ 43.21(a)(7) (West 1994). While Carlin's testimony is sufficient to prove the matter about which
appellant complains, under this statute, a dildo is an obscene device as a matter of law. The
United States Court of Appeals for the Fifth Circuit has held that under Texas Penal Code Section
43.21(a)(7), a dildo is obscene per se. See Red Bluff Drive-In, Inc. v. Vance, 648 F.2d 1020,
1027 (5th Cir. 1981). The statutes do not define "dildo." However, by common usage, a dildo
is defined as "an object serving as a penis substitute for vaginal insertion." Webster's Third New
International Dictionary 633 (Phillip B. Gove ed., 1961). "An artificial erect penis." The
Random House College Dictionary 372 (Jess Stien ed., 1979). The State alleged and proved that
the device Carlin purchased from appellant was a dildo, which is an obscene device. Appellant's
second point of error is overruled.

 In her fifth point of error, appellant urges that: "The statutory provisions
criminalizing appellant's alleged conduct are unconstitutional in that they bear no rational relation
to the purported State interests, thereby violating the Due Process clause of the Fifth and
Fourteenth Amendments to the U.S. Constitution and Article 1, Section 19 of the Texas 
Constitution." Sections 43.21(a)(7) and 43.23(c)(1) have withstood attacks made on constitutional
grounds. See Yorko v. State, 690 S.W.2d 260, 260-66 (Tex. Crim. App. 1985) (statute does not
violate right of privacy); Regalado v. State, 872 S.W.2d 7, 10 (Tex. App.--Houston [14th Dist.]
1994, pet. ref'd) (definition "obscene device" not vague); Red Bluff Drive-In, 648 F.2d at 1027-28. 

 Appellant states in her brief that "[b]ecause there was supervening case law
between the time of trial and the time of sentencing, appellant first brought the following issue
to the trial court's attention in the Motion for New Trial." But we find no allegation in
appellant's motion for new trial raising the issue presented in this point of error. Furthermore,
we find nothing in the record of the hearing of the motion for new trial that raises this issue. 
Appellant relies on Williams v. Pryor, 41 F. Supp. 2d 1257 (N.D. Ala. 1999). We are
unpersuaded by Williams. (2) A party on appeal may complain only about the specific issue raised
in the trial court. See Mooney v. State, 817 S.W.2d 693, 703 (Tex. Crim. App. 1991); Gonzales
v. State, 929 S.W.2d 546, 550 (Tex. App.--Austin 1996, pet. ref'd). As a general rule, appellate
courts will not consider alleged errors not called to the trial court's attention, and even errors of
constitutional dimension may be waived in this manner. See Aylor v. State, 727 S.W.2d 727, 730
(Tex. App.--Austin 1987, pet. ref'd). Because the issue presented was not raised in the trial court,
nothing is presented for review. Appellant's fifth point of error is overruled.

 In her first point of error, appellant asserts that "the trial court committed
reversible error by admitting testimony of appellant's prior bad acts and then wrongly allowing
such statements to be used to advance an argument of appellant's propensity towards crime, in
violation of Rule 404(b) of the Tex. R. Evidence." Appellant directs our attention to the
testimony of Deputy Sheriff Charles Jones. Jones transported appellant from the place where she
was arrested to jail. During a conversation with Jones, appellant told Jones that "she'd been
arrested before for the same thing." Assuming appellant's objection to Jones's testimony was
timely, the court did not err in overruling appellant's objection. The testimony to which appellant
objected was already in evidence without objection. Carlin had testified without objection on
direct-examination and on cross-examination that appellant told her, "I have been arrested for
selling this before and I'll go to jail for it again." "Where the same evidence . . . is presented
elsewhere during trial without objection, no reversible error exists." McFarland, 845 S.W.2d at
840; see also Johnson v. State, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990); Anderson v. State,
717 S.W.2d 622, 628 (Tex. Crim. App. 1986).


Our rule, therefore, is that overruling an objection to evidence will not result in
reversal when other such evidence was received without objection, either before
or after the complained-of ruling. This rule applies whether the other evidence
was introduced by the defendant or the State. [citations omitted] The rule has
never been otherwise, so far as we know. In Wagner v. State, 53 Tex. Crim. 306,
307, 109 S.W. 169, 169 (1908), we said, "It is well settled in this state that the
erroneous admission of testimony is not cause for reversal, if the same fact is
proven by other testimony not objected to. See . . . . West v. State, 2 Tex. App.
460 [1877] . . . ."



Leday v. State, 983 713, 718 (Tex. Crim. App. 1998). The trial court did not err in admitting
Jones's testimony which was the same as Carlin's, which had already been admitted without
objection.

 Appellant's complaint about the prosecutor's argument is also without merit. A
prosecutor's argument may include a summation of the evidence, reasonable deductions from the
evidence, and pleas for law enforcement. See Gaddis v. State, 753 S.W.2d 396, 398 (Tex. Crim.
App. 1988); Alejandro v. State, 493 S.W.2d 230, 231-32 (Tex. Crim. App. 1973). The argument
based on Carlin's and Jones's testimony was based upon evidence in the record and was a plea
for law enforcement. Appellant's first point of error is overruled.

 In her third point of error, appellant insists "the trial court committed reversible
error in admitting evidence of appellant's alleged prior bad act of promoting an obscene device
during the punishment phase, where the State had failed to notify defense counsel of its intent to
use such evidence, despite a written request for such by defense counsel." If a defendant makes
a timely request, the State must in advance of trial give the defendant reasonable notice that the
State intends to offer evidence of extraneous offenses or bad acts at the punishment phase of trial. 
See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (West Supp. 2000); Tex. R. Evid. 404(b). 
The issue here is whether the record shows appellant made a request that required the State to give
notice that evidence of a bad act would be offered at the punishment phase of trial.

 To obtain notice from the State that it intends to offer evidence of defendant's
extraneous offenses or bad acts at the punishment phase of trial, a defendant may make a "self-executing request" rather than a motion. See Simpson v. State, 991 S.W.2d 798, 801 (Tex. Crim.
App. 1998); Mitchell v. State, 982 S.W.2d 425, 426-27 (Tex. Crim. App. 1998); Espinosa v.
State, 853 S.W.2d 36, 39 (Tex. Crim. App. 1993). Appellant contends that she made a timely
request of the State by a "self-actuating letter to the Travis County Attorney's Office requesting
all discoverable material for both the guilt-innocence phase and the punishment phase" of trial. 
Appellant refers to a copy of a letter attached to the motion for new trial that is included in the
clerk's record. However, appellant's "self-actuating letter" was never introduced in evidence and
it may not be considered on appellate review. (3) Affidavits and certified copies of court
documents--and certainly letters--do not prove themselves, and unless they are offered and admitted
in evidence they cannot be considered on appeal. See Clark v. State, 590 S.W.2d 512, 513 (Tex.
Crim. App. 1979); Stephenson v. State, 494 S.W.2d 900, 909-10 (Tex. Crim. App. 1973);
Walker v. State, 440 S.W.2d 653, 659 (Tex. Crim. App. 1969). When documents appear in the
clerk's record that have not been introduced in evidence, they cannot be considered as part of the
record. See Chambers v. State, 194 S.W.2d 774, 775 (Tex. Crim. App. 1946); Watson v. State,
12 S.W. 404, 404-05 (Tex. Ct. App. 1889). The record before us does not show that appellant
requested notice of the State's intent to offer appellant's bad acts in evidence at the punishment
phase of trial. Appellant's third point of error is overruled.

 In her fourth point of error, appellant contends that the trial court erred at the
punishment phase of trial in failing to charge sua sponte that the jurors could not consider
evidence of a prior bad act that was admitted in evidence unless they believed beyond a reasonable
doubt that appellant committed the prior bad act. See Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3(a) (West 2000). If the trial court admits evidence of a prior bad act at the punishment phase
of trial, the court, without a request or an objection to its omission, must give a reasonable doubt
charge. See Huizar v. State, 12 S.W.3d 479, 482-85 (Tex. Crim. App. 2000). (4) The failure to
give the reasonable doubt charge is error. See id. The appropriate harm analysis for this error
is that of Almanza v. State, 648 S.W.2d 157, 171-74 (Tex. Crim. App. 1984). See Huizar, 12
S.W.3d at 484-85.

 At the punishment phase of trial, part of a videotape and testimony relating to the
tape were admitted in evidence. The tape showed officers executing a search warrant at a
different time and a different store than the store where the charged offense was committed. 
Appellant, who was manager of the store shown on the videotape, the officer testifying, and a
dildo were visible on the tape exhibited to the jury. In connection with this videotaped bad act,
appellant did not request a reasonable doubt charge or object to its omission. Therefore, appellant
must show that the error in failing to give the reasonable doubt charge caused egregious harm to
result in reversible error. See Almanza, 686 S.W.2d at 171; Arline v. State, 721 S.W.2d 348, 351
(Tex. Crim. App. 1986). To determine whether the error caused egregious harm, the reviewing
court must consider all relevant information revealed by the record. See id. Here, because the
error was at the punishment phase, the record concerned with guilt-innocence requires only
limited consideration. Keeping in mind that the error concerns the State's burden of proof, there
can be little doubt of appellant's connection with the bad act evidence. There was no issue of
identity. Appellant did not contend that she was not the person shown on the tape. The tape was
before the jury for it to determine if appellant was the person on the tape. In these circumstances,
it would be difficult to successfully contend that the required charge would have made a difference
in the jury's verdict. In argument, the prosecutor demanded repeatedly that the jury assess
punishment of one year in jail and a $4,000 fine. The jury did not follow the prosecutor's
recommendation, but instead assessed a considerably lesser penalty. In the circumstances
presented, we hold that the record does not show the court's failure to charge on the burden of
proof resulted in egregious harm or that appellant was deprived of a fair and impartial trial. 
Appellant's fourth point of error is overruled.

 The judgment is affirmed.



 
 

 Carl E. F. Dally, Justice

Before Justices B. A. Smith, Yeakel and Dally

Affirmed

Filed: June 15, 2000

Publish







* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Appellant's surname in the judgment is spelled both "Webber" and "Weber."
2. We note that Judge Teague in his dissent in Yorko v. State, 690 S.W.2d 260, 268-73
(Tex. Crim. App. 1985), made an argument similar to that of appellant here. The majority of the 
court apparently did not agree with Judge Teague.
3. The letter attached to the appellant's motion for new trial in pertinent part reads:


In reference to the above-styled and numbered case, this letter is to request
any and all exculpatory information you may have regarding my client's
culpability in this case, whether it relates to guilt/innocence or punishment; to
request any Giglio material you may have regarding any of the witnesses you
intend to use in this case, whether in the guilt/innocence phase or the
sentencing phase; to request any other discoverable matter you may have
regarding this case, whether it is related to the guilt-innocence phase or
punishment; to request notice of any 404(b) material you intend to offer in
your case in chief; and to request a copy of the complaint and information
against Ms. Webber.


If the letter were properly before us for consideration, we would hold that it was not specific
enough to request the notice now claimed. The letter appears to be a general request for discovery
of "discoverable matter you may have regarding this case."
4. Appellant's brief relied on Huizar v. State, 966 S.W.2d 702, 708 (Tex. App.--San
Antonio 1998). Before appellant's argument in this Court, the Court of Criminal Appeals
reversed the San Antonio Court of Appeals' judgment, and appellant stated forthrightly she would
abandon this point of error. However, after appellant's argument and concession in this Court,
the Court of Criminal Appeals on its own motion granted rehearing, withdrew its earlier opinion,
and affirmed the part of the San Antonio Court's opinion on which appellant relied.



asonable