In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00035-CR


______________________________




ALEJANDRO RODRIGUEZ, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 288th Judicial District Court


Harris County, Texas


Trial Court No. 851920




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Cornelius


Dissenting Opinion by Justice Grant


O P I N I O N



 Alejandro Rodriguez was charged by information with the offense of aggravated sexual
assault of a child. Rodriguez pleaded guilty to the offense without an agreed recommendation. After
a presentence investigation, the trial court assessed Rodriguez's punishment at twenty-five years'
confinement. A judgment addendum provides that Rodriguez is required to register as a sex
offender. (1)

 The sole issue presented for review is whether Chapter 62 of the Texas Code of Criminal
Procedure, which provides for sex offender registration, is facially unconstitutional on due process
grounds. (2) We dismiss this appeal for want of jurisdiction because, although we find that Rodriguez
has standing to appeal, the issue is not ripe for review under the present circumstances.

 We deal first with the question of standing to appeal. The State argues that Rodriguez
waived any claim of constitutional error by failing to raise the issue in the trial court. Ordinarily, to
preserve a complaint for appellate review, a party must present a timely, specific objection at trial.
Tex. R. App. P. 33.1(a); Etheridge v. State, 903 S.W.2d 1, 14 (Tex. Crim. App. 1994); Little v. State,
758 S.W.2d 551, 563 (Tex. Crim. App. 1988); Granviel v. State, 552 S.W.2d 107, 121 (Tex. Crim.
App. 1976). In general, the failure to make a timely, specific objection may waive even
constitutional errors. Curry v. State, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995); Garcia v. State,
887 S.W.2d 846, 861 (Tex. Crim. App. 1994). 

 The Court of Criminal Appeals, however, has stated that questions involving the
constitutionality of a statute on which a defendant's conviction is based should be addressed by
appellate courts, even when raised for the first time on appeal. Rabb v. State, 730 S.W.2d 751, 752
(Tex. Crim. App. 1987). (3) This Rabb rule is properly applied where the questioned statute affects the
jurisdiction of the court to render a judgment against the defendant, i.e., when the statute affects the
court's personal or subject matter jurisdiction. See Weightman v. State, 975 S.W.2d 621 (Tex. Crim.
App. 1998); McGowan v. State, 938 S.W.2d 732, 741 (Tex. App.-Houston [14th Dist.] 1996), aff'd.,
975 S.W.2d 621 (Tex. Crim. App. 1998). If the challenge is valid, the judgment is void because an
unconstitutional statute cannot confer authority on the court to act. See Reyes v. State, 753 S.W.2d
382, 383 (Tex. Crim. App. 1988). Consistent with this reasoning, in Rose v. State, the Court of
Criminal Appeals permitted a defendant to raise, for the first time on appeal, a facial challenge to
the constitutionality of the statute mandating the jury charge given at trial. Rose v. State, 752 S.W.2d
529, 552-53 (Tex. Crim. App. 1987) (op. on reh'g); accord Casares v. State, 768 S.W.2d 298, 299
(Tex. Crim. App. 1989). The rationale was that an unconstitutional statute is void from its inception
and cannot provide a basis for any right or relief. Rose v. State, 752 S.W.2d at 553 (citing Jefferson
v. State, 751 S.W.2d 502 (Tex. Crim. App. 1988)). Additionally, as Rose demonstrates, a judgment
may be "based" on a statute even if the statute affects the case in a manner other than by creating the
charged crime. See 43A George E. Dix & Robert O. Dawson, Texas Practice: Criminal
Practice and Procedure § 42.253, at 379-80 (2d ed. 2001).

 Care in the analysis of constitutional challenges must be taken, however, because such
challenges take different forms with different results. A facial challenge to the constitutionality of
a statute on which a defendant's conviction is based contests a court's jurisdictional power to enforce
the statute under any circumstances; a challenge to the statute as applied in the defendant's particular
circumstances does not. McGowan v. State, 938 S.W.2d at 739-42. Thus, the former may be raised
for the first time on appeal, while the latter is waived unless it is raised in the trial court. Id. at 741-42; see also Garcia v. State, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994) (holding that because a
statute providing for the jury charge was neither facially unconstitutional nor void ab initio, the
appellant was required to object at trial in order to preserve error for purposes of appeal); see
generally 43A George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and
Procedure §§ 42.253-54, at 379-82 (2d ed. 2001).

 In support of its argument for waiver, the State cites Webber v. State, 21 S.W.3d 726 (Tex.
App.-Austin 2000, pet. ref'd). Webber did decide this issue differently than we do today. The
Webber court held that the appellant's facial due process challenge to the statutory provision under
which she was convicted was waived because it was not raised at trial. Webber v. State, 21 S.W.3d
at 729. However, the Webber court made its decision in reliance on Aylor v. State, which did not
involve a facial constitutional challenge, but a challenge to the statute as applied to the defendant.
Aylor v. State, 727 S.W.2d 727, 730 (Tex. App.-Austin 1987, pet. ref'd). We note that Dean v. State,
60 S.W.3d 217 (Tex. App.-Houston [14th Dist.] 2001, no pet. h.), also decided this issue differently
than we do. The appellant in Dean argued that the sex offender registration requirements violate the
prohibitions on cruel and unusual punishment and outlawry in the Texas Constitution. Id. at 225. 
Because the objections were not raised at trial, the court found that they were waived, relying for
support on Rhoades v. State, 934 S.W.2d 113 (Tex. Crim. App. 1996); Robinson v. State, 851
S.W.2d 216, 225 (Tex. Crim. App. 1991); Ransom v. State, 789 S.W.2d 572, 584-85 (Tex. Crim.
App. 1989), and Smith v. State, 846 S.W.2d 515, 517 (Tex. App.-Houston [14th Dist.] 1993, pet.
ref'd). None of these supporting cases involved a constitutional challenge to the facial validity of
a statute on which a conviction was based. They did not challenge the power of the court to render
the particular judgment. They therefore do not apply in our circumstances. 

 Additionally, contrary to the State's argument, our decision in Brasfield v. State, 30 S.W.3d
502 (Tex. App.-Texarkana 2000, no pet.), does not stand for the proposition that a defendant waives
a facial challenge against the sex offender registration statute if he fails to raise the issue at trial. In
Brasfield, the appellant raised on appeal a constitutional challenge to the statute as applied that was
not properly preserved at the trial court level. Id. at 504-05. 

 Rodriguez raises a challenge to the power of the trial court to require him to register as a sex
offender. He may properly raise this challenge for the first time on appeal. 

 Although Rodriguez states in his brief that he is making a "broad based challenge to the facial
constitutionality" of the registration statute, it is arguable that Rodriguez also raised a personal
challenge to the statute. However, he has waived that challenge because he did not raise it in the trial
court.

 We proceed now to the issue of ripeness which the State contests. Rodriguez will not be
eligible for parole until he serves at least one half of his twenty-five-year prison sentence. See Tex.
Gov't Code Ann. § 508.145(d) (Vernon Supp. 2002). Therefore, he will not be required to register
as a sex offender until the year 2013, at the earliest. The sex offender registration statute has been
amended in each legislative session since its inception. See Tex. Code Crim. Proc. Ann. art.
62.02(a) historical notes (Vernon Supp. 2002). We agree with the State that because Rodriguez has
not yet been required to register or suffer any penalty for failing to register, and because it is
uncertain that Rodriguez will ever be subjected to the current statutory requirements, his
constitutional claim is unripe and we may not review it. See Perez v. State, 938 S.W.2d 761, 764
(Tex. App.-Austin 1997, pet. ref'd); accord People v. Griffin, 652 N.Y.S.2d 922, 926 n.3 (N.Y. Sup.
Ct. 1996) (court held a defendant's challenge to the registration and notification requirements of a
Sex Offender Registration Act is not ripe where the defendant has no obligation to register until the
completion of the incarceration). 

 For the reasons stated, we dismiss the appeal for want of jurisdiction.

 


 William J. Cornelius

 Chief Justice




DISSENTING OPINION


 I respectfully dissent from the majority's decision that this Court has no jurisdiction to
address Alejandro Rodriguez's contention that the statute under which he is required to register as
a sex offender is unconstitutional.

 Rodriguez is bound by the terms of the judgment of the trial court to register as a sex
offender.

 While it is true this judicially mandated requirement will not begin until his release from
prison, the finality of this judgment is not in question. It is true Rodriguez could die or the world
could come to an end before this requirement must be met, but final judgments in both civil and
criminal cases do not wait and should not wait until full execution of the judgment is completed
before being allowed to complain. Under the doctrine of ripeness, this judgment is ripe and final for
all purposes. There is a fundamental importance in achieving finality of judgment and in eliminating
endless litigation. This matter can be addressed now instead of waiting to address it on a later
appeal.

 The writer Charles Dickens observed that the High Court of the Chancery bar in England
"mistily engaged in one of the ten thousand stages of an endless cause, tripping one another up on
slippery precedents, groping knee-deep in technicalities, running their goat-hair and horse-hair
warded heads against walls of words, and making a pretense of equity with serious faces . . . ." (4)

 May we not be accused of such useless activity. Our judiciary can directly address issues that
are ripe and fully before us, or we can get our exercise by sidestepping issues, searching for delays,
using procedural excuses to vault over the issues on their merits, and jumping at opportunities to
avoid ruling on matters entitled to a ruling. This case is an example of such exercises in futility. I
see no reason why this Court cannot address the issue raised on appeal.





 Ben Z. Grant

 Justice


Date Submitted: October 30, 2001

Date Decided: February 15, 2002


Publish
1. Tex. Code Crim. Proc. Ann. art. 42.01(1)(27) (Vernon Supp. 2002) provides that a
judgment of conviction for an offense for which registration is required under Texas Code of
Criminal Procedure, Chapter 62 shall state that the registration requirement applies to the defendant. 

2. It has been held that the statute does not violate due process. See In re M.A.H., 20 S.W.3d
860 (Tex. App.-Fort Worth 2000, no pet.).
3. Rabb involved challenges to the Dallas County Magistrate's Act alleging that the Act was
a "special bill" in violation of Tex. Const. art. III, § 56, and an unconstitutional delegation of
legislative power.
4. M. Frances McNamara, 2,000 Famous Legal Quotations 71-72 (1967).