NO. 07-03-0380-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 21, 2003


______________________________



HAROLD CHRISTOPHER ALANIZ, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 12,867-A; HON. HAL MINER, PRESIDING


_______________________________



ORDER OF DISMISSAL


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1) 

 Harold Christopher Alaniz appeals from a judgment adjudicating him guilty of
delivering a controlled substance and sentencing him to eight years imprisonment. 
Appellant had originally pled guilty to the offense. The adjudication of his guilt, however,
was deferred, and the trial court placed him on community supervision. Thereafter, the
State sought to adjudicate his guilt through a motion to revoke, and the trial court
convened a hearing on the matter. Also being heard at the same time was appellant's plea
of guilty in another cause, i.e. State v. Alaniz, No. 14,760-A. 

 At the hearing, the parties informed the trial court that they had arrived at a plea
bargain. The bargain involved three pending criminal matters, i.e. the aggravated assault
charge pending in Cause No. 14,760-A, a witness tampering charge, and the motion to
revoke and adjudicate appellant's guilt for delivering a controlled substance in Cause No.
12,867-A (i.e. the charge from which this appeal arose). As that bargain pertained to
Cause No. 12,867-A, the State recommended that punishment not exceed eight years
imprisonment and a $500 fine. Appellant also agreed to waive his right to appeal. 

 When asked how he pled to the accusations in the motion to adjudicate guilt,
appellant responded that they were true. By that time he had already pled guilty to the
accusation of aggravated assault pending in Cause No. 14,760-A. So too had the trial
court questioned him and his counsel to determine his mental competence. Questions
were also propounded to assess whether the guilty plea in Cause No. 14,760-A and the
admission of true in Cause No. 12,867-A were knowing and voluntary. Thereafter, the trial
court found appellant guilty in the former cause and assessed punishment within the range
recommended by the prosecutor. So too did it adjudicate appellant's guilt in the latter
cause and, again, the punishment ultimately levied did not exceed the prosecutor's
recommendation. 

 Despite having waived his right to appeal by written document received into
evidence at the hearing, appellant mailed the trial court a letter indicating that he wanted
to appeal. That letter was interpreted to be a notice of appeal by this court. Since that
time, however, this court became aware of the plea bargain affecting the three
aforementioned charges and that aspect of same concerning appellant's agreement to
waive his right to appeal each conviction.

 The Texas Court of Criminal Appeals has held that agreements like those at bar are
binding upon an appellant and authorize dismissal of the appeal. E.g., Monreal v. State,
99 S.W.3d 615 (Tex. Crim. App. 2003); Blanco v. State, 18 S.W.3d 218 (Tex. Crim. App.
2000). Moreover, no evidence of record indicates that appellant's agreement to waive his
right to appeal was involuntary or unknowing. (2) Nor does any evidence of record illustrate
that the State or trial court failed to abide by the plea bargain.

 Because appellant has waived his right to appeal, we dismiss the appeal.


 Per Curiam

 

Do not publish. 




1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. The letter we previously mentioned as revealing appellant's intent to appeal did contain allegations
about his counsel failing to prepare for trial and advising him to accept the plea or risk a greater sentence
after trial. But, the letter was never introduced into evidence during any hearing. It merely appears in the
clerk's record. Thus, the factual allegations contained in it and involving his purported attorney's actions are
not evidence which we can consider in determining whether the pleas were voluntary. Webber v. State, 21
S.W.3d 726, 731 (Tex. App.-Austin 2000, pet. ref'd) (stating that documents appearing in the clerk's record
that have not been introduced into evidence cannot be considered on appeal). 


ontends that the trial court denied him his right to a jury trial. He
was allegedly entitled to same because he requested a jury, paid the requisite jury fee, and 
raised genuine issues of fact. Yet, we are cited to no evidence illustrating that genuine
questions of material fact existed. Hartman simply concludes that they existed. 

 Authority relieves a court from perusing the record to discover evidence purportedly
creating material issues of fact. Instead, the burden lies with the party complaining of the
summary judgment to direct us to that evidence. Guthrie v. Suiter, 934 S.W.2d 820, 826
(Tex. App.-Houston [1st Dist.] 1996, no writ). Because Hartman failed to direct us to such
evidence, we overrule the second issue. 

 The judgment of the trial court is affirmed.


 Per Curiam


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2002). 
2. Rule 166a(i) requires the movant to "state the elements as to which there is no evidence," Tex. R.
Civ. P. 166a(i), and Harrell did not do so in his motion. Nonetheless, Hartman does not complain of that
procedural defect on appeal. Nor did he below.