NO. 07-03-0380-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 21, 2003
_____

HAROLD CHRISTOPHER ALANIZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 12,867-A; HON. HAL MINER, PRESIDING
_____

*ORDER OF DISMISSAL*
_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Harold Christopher Alaniz appeals from a judgment adjudicating him guilty of delivering a controlled substance and sentencing him to eight years imprisonment. Appellant had originally pled guilty to the offense. The adjudication of his guilt, however, was deferred, and the trial court placed him on community supervision. Thereafter, the

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

State sought to adjudicate his guilt through a motion to revoke, and the trial court convened a hearing on the matter. Also being heard at the same time was appellant's plea of guilty in another cause, *i.e. State v. Alaniz*, No. 14,760-A.

At the hearing, the parties informed the trial court that they had arrived at a plea bargain. The bargain involved three pending criminal matters, *i.e.* the aggravated assault charge pending in Cause No. 14,760-A, a witness tampering charge, and the motion to revoke and adjudicate appellant's guilt for delivering a controlled substance in Cause No. 12,867-A (*i.e.* the charge from which this appeal arose). As that bargain pertained to Cause No. 12,867-A, the State recommended that punishment not exceed eight years imprisonment and a $500 fine. Appellant also agreed to waive his right to appeal.

When asked how he pled to the accusations in the motion to adjudicate guilt, appellant responded that they were true. By that time he had already pled guilty to the accusation of aggravated assault pending in Cause No. 14,760-A. So too had the trial court questioned him and his counsel to determine his mental competence. Questions were also propounded to assess whether the guilty plea in Cause No. 14,760-A and the admission of true in Cause No. 12,867-A were knowing and voluntary. Thereafter, the trial court found appellant guilty in the former cause and assessed punishment within the range recommended by the prosecutor. So too did it adjudicate appellant's guilt in the latter cause and, again, the punishment ultimately levied did not exceed the prosecutor's recommendation.

Despite having waived his right to appeal by written document received into evidence at the hearing, appellant mailed the trial court a letter indicating that he wanted

2

to appeal. That letter was interpreted to be a notice of appeal by this court. Since that time, however, this court became aware of the plea bargain affecting the three aforementioned charges and that aspect of same concerning appellant's agreement to waive his right to appeal each conviction.

The Texas Court of Criminal Appeals has held that agreements like those at bar are binding upon an appellant and authorize dismissal of the appeal. *E.g., Monreal v. State*, 99 S.W.3d 615 (Tex. Crim. App. 2003); *Blanco v. State*, 18 S.W.3d 218 (Tex. Crim. App. 2000). Moreover, no evidence of record indicates that appellant's agreement to waive his right to appeal was involuntary or unknowing.[2] Nor does any evidence of record illustrate that the State or trial court failed to abide by the plea bargain.

Because appellant has waived his right to appeal, we dismiss the appeal.

Per Curiam

Do not publish.

---

[2]The letter we previously mentioned as revealing appellant's intent to appeal did contain allegations about his counsel failing to prepare for trial and advising him to accept the plea or risk a greater sentence after trial. But, the letter was never introduced into evidence during any hearing. It merely appears in the clerk's record. Thus, the factual allegations contained in it and involving his purported attorney's actions are not evidence which we can consider in determining whether the pleas were voluntary. *Webber v. State*, 21 S.W.3d 726, 731 (Tex. App.–Austin 2000, pet. ref'd) (stating that documents appearing in the clerk's record that have not been introduced into evidence cannot be considered on appeal).