BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-03-0396-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



NOVEMBER 26, 2003


______________________________



KEVIN M. McELROY,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 364th DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-400318; HON. BILLY JOHN EDWARDS, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Kevin M. McElroy (appellant) appeals his conviction for possession of anhydrous
ammonia with intent to unlawfully manufacture a controlled substance, namely
methamphetamine. The clerk's record was filed on October 6, 2003, and the reporter's
record was filed on October 2, 2003. Thus, appellant's brief was due on November 5,
2003. However, one was not filed on that date. On November 12, 2003, this Court notified
counsel for appellant that neither the brief nor an extension of time to file appellant's brief
had been filed. Counsel for appellant was also admonished that if appellant's brief was
not filed by November 24, 2003, the appeal would be abated to the trial court. That date
has passed, and appellant has not filed a brief or moved for an extension.

 Consequently, we abate this appeal and remand the cause to the 364th District
Court of Lubbock County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following:

 1. whether appellant desires to prosecute the appeal;

 

 2. whether appellant is indigent and entitled to appointed counsel; and,


 3. whether appellant has been denied the effective assistance of
counsel due to appellate counsel's failure to timely file an appellate
brief. See Evitts v. Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35,
83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is
entitled to the effective assistance of counsel on the first appeal as of
right and that counsel must be available to assist in preparing and
submitting an appellate brief). 

 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal, is indigent, and has been denied effective assistance of counsel, then
we further direct the court to appoint new counsel to assist in the prosecution of the
appeal. The name, address, phone number, telefax number, and state bar number of the
new counsel who will represent appellant on appeal must also be included in the court's
findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk's record containing the findings of fact and conclusions
of law and 2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before December 23, 2003. Should
additional time be needed to perform these tasks, the trial court may request same on or
before December 23, 2003.

 It is so ordered.

 Per Curiam

Do not publish.




 UnhideWhenUsed="false" QFormat="true" Name="Title"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00153-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



AUGUST
31, 2010

 



 

STANLEY WAYNE KIRKPATRICK, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 54TH DISTRICT COURT OF MCLENNAN
COUNTY;

 

NO. 2004-474-C2; HONORABLE DERWOOD JOHNSON, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

The community supervision of
appellant Stanley Wayne Kirkpatrick was revoked and he was sentenced to
confinement in a state jail and assessed a fine and court costs.  He appeals that portion of the written
judgment ordering reimbursement of court-appointed attorneys fees.  Concluding no evidence supports the
challenged portion of the judgment, we will modify the
judgment and affirm it as modified.

 

 

Background

            Appellant
was indicted for possession of cocaine in an amount less than one gram.[1]
He filed a financial affidavit for appointment of counsel and counsel was
appointed on a finding of indigence. 
After he plead guilty under a plea bargain agreement, in December 2004,
the trial court adjudicated him guilty, and assessed punishment of a $2000 fine
and two years confinement in a state jail, but probated the confinement in
favor of community supervision for five years. 


The State subsequently sought
revocation of appellants community supervision order alleging ten
violations.  Before hearing the motion, the
trial court again found appellant indigent and appointed counsel for him.  At the revocation hearing in August 2008,
appellant plead true to all but one of the violations alleged.  The court revoked appellants community
supervision and sentenced him to two years confinement in a state jail and
assessed a $2,000 fine.  The written
judgment orders appellant pay court costs of $1,353.  It further provides [t]he Court assesses all
court appointed attorneys fees, investigators fees, and interpreters fees as
costs in this cause and Orders the defendant to pay the same.  According to the clerks bill of costs, court
costs include attorneys fees of $900.

 

 

Analysis

            Through
a single issue appellant argues, [t]he trial court erred in assessing court-appointed
attorneys fees against Appellant because Appellant was indigent.[2]  The thrust of appellants supporting argument
is a defendant who receives court-appointed counsel may be required to offset
the cost of counsel but nothing in the present record supports appellants
ability to repay his attorneys fees. 
Appellant prays for reformation of the judgment deleting the assessment
of court-appointed attorneys fees.  The
State acknowledges multiple findings by the trial court of appellants indigence
and concedes the record does not show appellant could repay the entire fee of
his appointed counsel.  But it contends
there was some evidence appellant could repay a portion of his attorneys fees
and the case therefore should be remanded for determination of this amount. 

Under article 26.05(g) of the Texas
Code of Criminal Procedure, the trial court has authority to order
reimbursement of the fees of court-appointed counsel if the court determines
that a defendant has financial resources that enable him to offset, in part or
in whole, the costs of the legal services provided.  Tex. Code Crim. Proc. Ann.
art. 26.05(g) (Vernon Supp. 2009); see
Mayer v. State, 274 S.W.3d 898, 901 (Tex.App.--Amarillo
2008), affd, Mayer v. State, 309 S.W.3d 552 (Tex.Crim.App. 2010). 
[T]he defendants financial resources and ability to pay are explicit
critical elements in the trial courts determination of the propriety of
ordering reimbursement of costs and fees. 
Mayer, 309
S.W.3d at 556.  Accordingly, the
record must supply a factual basis supporting a determination the defendant is
capable of repaying the attorneys fees levied. 
Barrera v.
State, 291 S.W.3d 515, 518 (Tex.App.--Amarillo
2009, no pet.) (per curiam).  

To support its contention some
evidence showed appellants ability to offset the legal fees of appointed
counsel, the State points to testimony at the revocation hearing and the
content of the financial affidavits appellant submitted in support of his
requests for appointed counsel.  The
reporters record from the revocation hearing contains nine pages of
testimony.  No documentary evidence was
offered or admitted.  Appellant was the
lone witness.  The only conceivable
evidentiary reference at the hearing to appellants ability to repay or offset
a portion of his legal fees occurred in the following exchanges: 

Q.        Why did you stop
reporting [to the community supervision office]?

***

A.        I felt like I was
unjustly treated.

Q.        By whom?

A.        By the City of Waco and
also my lawyer.

Q.        Did you seek counsel
elsewhere?

A.        I didnt have the funds.

Q.        Okay.  Now, you are talking about the City of
Waco.  Would you tell the Court what
thats all about.

A.        I had some land that my
grandfather left and I was trying to work on. 
And I got all kinds of fines. 
Ive got one now for three hundred dollars.  They call it unlocked storage or some kind of
storage thing.  Its on the record.

***

Q.        And for three years you
lived here in Waco; is that correct?

A.        Thats true.

***

Q.        What did you do?

A.        I worked on cars and
tried to keep change in my pocket to help my family.

Q.        What kind of family do
you have in this area?

A.        I have my mother.  I have three kids and seven grandkids.

Q.        Did you help support
them?

A.        Yes, I did.

            The
clerks record contains the financial affidavits submitted by appellant prior
to his indictment and prior to the hearing of the States motion to
revoke.  Assuming, without deciding, that
we properly consider the contents of the affidavits in our sufficiency review,[3]
we conclude they present no evidence appellant possessed financial resources to
repay or offset the costs of legal services. 
Appellants original affidavit, dated in December 2003, contains limited
data.  It indicates appellant was
self-employed, claimed three dependants, ages 22, 23, and 24, worked some
number of hours each week at $7.00 per hour, did not own a house or real
property, and did not own a car or motorcycle. 
Inconsistently, it also contains no indications of expenses.  The document includes the trial courts
finding of indigence.  The second
affidavit, made in July 2008, also contains skimpy data.  It indicates appellant was unemployed for two
years, had no dependants, had no monthly income or expenses, owned no house or
real estate, had no bank account, savings account, or other assets.  It also contained a finding of indigence. 

            Likewise,
appellants trial testimony is of no evidentiary worth for establishing
financial resources sufficient to repay or offset appellants attorneys
fees.  One perhaps might infer from his
one-sentence statement about land that my grandfather left that he inherited
an interest in the real property that was the subject of his dispute with the
City of Waco.  Determining whether the
property is a valuable asset or a liability for appellant, however, requires
resort to surmise and speculation. 
Moreover, that appellant worked for three years to support his family
members affords no reasonable basis for concluding that on the eve of
commitment to a state jail he possessed resources sufficient to repay or offset
the fees of appointed counsel.  Even
under a preponderance of the evidence standard, when the evidence offered to
prove a vital fact is so weak as to do no more than create a mere surmise or
suspicion of its existence, it is in legal effect no evidence, and will not
support a verdict or judgment.  Seideneck v. Cal Bayreuther
Assocs., 451 S.W.2d 752, 755 (Tex. 1970). 

            We
conclude the evidence, when viewed in the light most favorable to the judgment
of the trial court, does not support a conclusion that appellant was capable of
repaying or offsetting the attorneys fees assessment.  Appellants sole issue is sustained.  

            We
also cannot agree with the States suggestion we remand for determination of
the proper amount of appellants attorneys fees reimbursement.  See
Mayer, 309 S.W.3d at 557 (finding court of appeals did not err by failing
to remand).   

We therefore modify the judgment as
follows.  From the total court costs
taxed of $1,353 we subtract $900 as the fees of appointed counsel leaving total
court costs assessed of $453.  The
judgment includes the following:

Furthermore, the following special
findings or orders apply:

The Court assesses all court appointed attorneys fees, investigators
fees, and interpreters fees as costs in this cause and Orders the defendant to
pay the same.

This order is modified to provide:

Furthermore, the following special
findings or orders apply:

The Court assesses all investigators fees and interpreters fees as
costs in this cause and Orders the defendant to pay the same.

As used in this judgment, the term court costs does not include court
appointed attorneys fees.

Conclusion

Having
sustained appellants sole issue, we modify the judgment of the trial court in
the manner specified and affirm the judgment as modified.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not publish.         











[1]  See Tex. Health & Safety Code Ann. §
481.115(b) (Vernon 2010). This is a state jail felony punishable by confinement
in a state jail facility for any term of not more than two years or less than
180 days and a fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.35
(Vernon Supp. 2009).

 





[2] Appellant was permitted an out-of-time appeal of the
August 2008 judgment revoking his community supervision.





[3] Neither document was offered or admitted in evidence
at the revocation hearing nor does the record indicate the trial court
considered them before ordering repayment of court appointed attorneys
fees.  When documents appear in the
clerks record that have not been introduced in
evidence, they cannot be considered as part of the record.  Webber v. State, 21 S.W.3d 726, 731 (Tex. App.--Austin 2000, pet.
refused).  This is not a case
where the trial court and the parties, without objection, treated documents
contained in the clerks record as admitted in evidence. See Killion v. State, 503 S.W.2d 765 (Tex.Crim.App. 1973) (even though written stipulations were
not admitted in evidence reviewing court could consider them as they were
considered by trial court in adjudicating guilt for theft and burglary).