NO. 07-10-00153-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 31, 2010

STANLEY WAYNE KIRKPATRICK, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 54TH DISTRICT COURT OF MCLENNAN COUNTY;

NO. 2004-474-C2; HONORABLE DERWOOD JOHNSON, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

The community supervision of appellant Stanley Wayne Kirkpatrick was revoked and he was sentenced to confinement in a state jail and assessed a fine and court costs. He appeals that portion of the written judgment ordering reimbursement of court-appointed attorney's fees. Concluding no evidence supports the challenged portion of the judgment, we will modify the judgment and affirm it as modified.

Background

Appellant was indicted for possession of cocaine in an amount less than one gram.[1] He filed a financial affidavit for appointment of counsel and counsel was appointed on a finding of indigence. After he plead guilty under a plea bargain agreement, in December 2004, the trial court adjudicated him guilty, and assessed punishment of a $2000 fine and two years confinement in a state jail, but probated the confinement in favor of community supervision for five years.

The State subsequently sought revocation of appellant's community supervision order alleging ten violations. Before hearing the motion, the trial court again found appellant indigent and appointed counsel for him. At the revocation hearing in August 2008, appellant plead true to all but one of the violations alleged. The court revoked appellant's community supervision and sentenced him to two years confinement in a state jail and assessed a $2,000 fine. The written judgment orders appellant pay court costs of $1,353. It further provides "[t]he Court assesses all court appointed attorney's fees, investigator's fees, and interpreter's fees as costs in this cause and Orders the defendant to pay the same." According to the clerk's bill of costs, court costs include attorney's fees of $900.

---

[1] *See* Tex. Health & Safety Code Ann. § 481.115(b) (Vernon 2010). This is a state jail felony punishable by confinement in a state jail facility for any term of not more than two years or less than 180 days and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.35 (Vernon Supp. 2009).

Analysis

Through a single issue appellant argues, "[t]he trial court erred in assessing court-appointed attorney's fees against Appellant because Appellant was indigent."[2] The thrust of appellant's supporting argument is a defendant who receives court-appointed counsel may be required to offset the cost of counsel but nothing in the present record supports appellant's ability to repay his attorney's fees. Appellant prays for reformation of the judgment deleting the assessment of court-appointed attorney's fees. The State acknowledges multiple findings by the trial court of appellant's indigence and concedes the record does not show appellant could repay the entire fee of his appointed counsel. But it contends there was some evidence appellant could repay a portion of his attorney's fees and the case therefore should be remanded for determination of this amount.

Under article 26.05(g) of the Texas Code of Criminal Procedure, the trial court has authority to order reimbursement of the fees of court-appointed counsel if the court determines that a defendant has financial resources that enable him to offset, in part or in whole, the costs of the legal services provided. Tex. Code Crim. Proc. Ann. art. 26.05(g) (Vernon Supp. 2009); *see Mayer v. State,* 274 S.W.3d 898, 901 (Tex.App.--Amarillo 2008), *aff'd, Mayer v. State,* 309 S.W.3d 552 (Tex.Crim.App. 2010). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer*, 309 S.W.3d at 556. Accordingly, the record must supply a factual basis

---

[2] Appellant was permitted an out-of-time appeal of the August 2008 judgment revoking his community supervision.

supporting a determination the defendant is capable of repaying the attorney's fees levied. *Barrera v. State,* 291 S.W.3d 515, 518 (Tex.App.--Amarillo 2009, no pet.) (per curiam).

To support its contention some evidence showed appellant's ability to offset the legal fees of appointed counsel, the State points to testimony at the revocation hearing and the content of the financial affidavits appellant submitted in support of his requests for appointed counsel. The reporter's record from the revocation hearing contains nine pages of testimony. No documentary evidence was offered or admitted. Appellant was the lone witness. The only conceivable evidentiary reference at the hearing to appellant's ability to repay or offset a portion of his legal fees occurred in the following exchanges:

Q.    Why did you stop reporting [to the community supervision office]?

***

A.    I felt like I was unjustly treated.

Q.    By whom?

A.    By the City of Waco and also my lawyer.

Q.    Did you seek counsel elsewhere?

A.    I didn't have the funds.

Q.    Okay. Now, you are talking about the City of Waco. Would you tell the Court what that's all about.

A.    I had some land that my grandfather left and I was trying to work on. And I got all kinds of fines. I've got one now for three hundred dollars. They call it unlocked storage or some kind of storage thing. It's on the record.

***

Q.    And for three years you lived here in Waco; is that correct?

4

A.    That's true.

***

Q.    What did you do?

A.    I worked on cars and tried to keep change in my pocket to help my family.

Q.    What kind of family do you have in this area?

A.    I have my mother.  I have three kids and seven grandkids.

Q.    Did you help support them?

A.    Yes, I did.

The clerk's record contains the financial affidavits submitted by appellant prior to his indictment and prior to the hearing of the State's motion to revoke.  Assuming, without deciding, that we properly consider the contents of the affidavits in our sufficiency review,[3] we conclude they present no evidence appellant possessed financial resources to repay or offset the costs of legal services.  Appellant's original affidavit, dated in December 2003, contains limited data.  It indicates appellant was self-employed, claimed three dependants, ages 22, 23, and 24, worked some number of hours each week at $7.00 per hour, did not own a house or real property, and did not own a car or motorcycle.  Inconsistently, it also contains no indications of expenses.

---

[3] Neither document was offered or admitted in evidence at the revocation hearing nor does the record indicate the trial court considered them before ordering repayment of court appointed attorney's fees.  "When documents appear in the clerk's record that have not been introduced in evidence, they cannot be considered as part of the record." *Webber v. State,* 21 S.W.3d 726, 731 (Tex. App.--Austin 2000, pet. refused).  This is not a case where the trial court and the parties, without objection, treated documents contained in the clerk's record as admitted in evidence. *See Killion v. State,* 503 S.W.2d 765 (Tex.Crim.App. 1973) (even though written stipulations were not admitted in evidence reviewing court could consider them as they were considered by trial court in adjudicating guilt for theft and burglary).

The document includes the trial court's finding of indigence. The second affidavit, made in July 2008, also contains skimpy data. It indicates appellant was unemployed for two years, had no dependants, had no monthly income or expenses, owned no house or real estate, had no bank account, savings account, or "other assets." It also contained a finding of indigence.

Likewise, appellant's trial testimony is of no evidentiary worth for establishing financial resources sufficient to repay or offset appellant's attorney's fees. One perhaps might infer from his one-sentence statement about "land that my grandfather left" that he inherited an interest in the real property that was the subject of his dispute with the City of Waco. Determining whether the property is a valuable asset or a liability for appellant, however, requires resort to surmise and speculation. Moreover, that appellant worked for three years to support his family members affords no reasonable basis for concluding that on the eve of commitment to a state jail he possessed resources sufficient to repay or offset the fees of appointed counsel. Even under a preponderance of the evidence standard, when the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, it is in legal effect no evidence, and will not support a verdict or judgment. *Seideneck v. Cal Bayreuther Assocs.,* 451 S.W.2d 752, 755 (Tex. 1970).

We conclude the evidence, when viewed in the light most favorable to the judgment of the trial court, does not support a conclusion that appellant was capable of repaying or offsetting the attorney's fees assessment. Appellant's sole issue is sustained.

We also cannot agree with the State's suggestion we remand for determination of the "proper amount" of appellant's attorney's fees reimbursement. *See Mayer*, 309 S.W.3d at 557 (finding court of appeals did not err by failing to remand).

We therefore modify the judgment as follows. From the total court costs taxed of $1,353 we subtract $900 as the fees of appointed counsel leaving total court costs assessed of $453. The judgment includes the following:

<u>"Furthermore, the following special findings or orders apply:</u>

The Court assesses all court appointed attorney's fees, investigator's fees, and interpreter's fees as costs in this cause and Orders the defendant to pay the same."

This order is modified to provide:

<u>"Furthermore, the following special findings or orders apply:</u>

The Court assesses all investigator's fees and interpreter's fees as costs in this cause and Orders the defendant to pay the same.

As used in this judgment, the term "court costs" does not include court appointed attorney's fees."

## Conclusion

Having sustained appellant's sole issue, we modify the judgment of the trial court in the manner specified and affirm the judgment as modified.

James T. Campbell
Justice

Do not publish.