**Order entered July 21, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00156-CR**

**THOMAS LINZ JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F15-58525-S**

**ORDER**

Before the Court is appellant's July 19, 2022 "Motion for Reconsideration of the Order Extending Time to File Brief on Merits and Motion to Supplement the Clerk's Record." In the motion, appellant asks the Court to direct the trial court to make findings of fact and to supplement the clerk's record with "the investigative files of Tonia Silva."

The clerk's record shows that, on October 22, 2015, the trial court appointed Silva as an investigator to assist defense counsel in this case. Silva did not testify

although the reporter's record reflects she was present and introduced to the venire panel during voir dire.

Rule 34.5 provides that the clerk's record consists of the indictment or information; any special plea or defense motion that was presented to the court and overruled; any written waiver; any written stipulation; in cases in which a plea of guilty or nolo contendere has been entered, any documents executed for the plea; the court's docket sheet; the court's charge, the jury's verdict, or the court's findings of fact and conclusions of law; the court's judgment or other order that is being appealed; any request for findings of fact and conclusions of law, any post-judgment motion, and the court's order on the motion; the notice of appeal; any formal bill of exception; any request for a reporter's record; any request for preparation of the clerk's record; the trial court's certification of the defendant's right of appeal under rule 25.2; and subject to certain limitations, any filing that a party designates to have included in the record. TEX. R. APP. P. 34.5(a).  However, documents that are not filed or not offered at trial have no place in and should not be included in the clerk's record. *See Chambers v. State*, 194 S.W.2d 774, 775 (Tex. Crim. App. 1946); *Webber v. State*, 21 S.W.3d 726, 731 (Tex. App.—Austin 2000, pet. ref'd); *see also Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004) ("An appellate court may not consider factual assertions that are outside the record, and a party cannot circumvent this prohibition by submitting an

affidavit for the first time on appeal. While the record may be supplemented under the appellate rules if something has been omitted, the supplementation rules cannot be used to create new evidence. Moreover, an appellate court's review of the record itself is generally limited to the evidence before the trial court at the time of the trial court's ruling." (footnotes omitted)). Nothing shows Silva's investigative report was filed with the trial court or offered as an exhibit at trial. Therefore, we **DENY** appellant's motion to the extent it seeks to include Silva's investigative report as a supplemental clerk's record.

Appellant also asks the Court to reconsider his August 14, 2022 briefing deadline. We **GRANT** his request to the extent we **ORDER** appellant's brief due by September 9, 2022. All other relief requested is **DENIED**.


/s/    ROBERT D. BURNS, III
CHIEF JUSTICE